No. 400
HUFF v. HUFF et
Ohio Appeals, 6th Dist., Lucas Co.
No. 1517. Decided March 30, 1925.

1204. UNDUE INFLUENCE—Question of, to be submitted to jury with greater readiness, especially where testator is shown to have been in a state of physical feebleness and mental weakness.

1066. SCINTILLA RULE—To be applied in will contest case as in the ordinary jury trial of civil action.

YOUNG, J.

Rose Huff executed a paper purporting to be her last will and testament, in which she willed all her personal and real property to her son, Emil Huff, with the exception of $5.00 each to her sons William and Louis. The will was probated and William Huff brought an action in the Lucas Common Pleas to contest the will. It was first found that the will was not the last will and testament of the testatrix and on re-trial the court directed the jury to

## STATE COURT OF APPEALS—Continued

find that the writing in question was the last will and testament of Rose Huff. Wm. Huff contended that undue influence was executed on part of Emil in the making of the will by their mother.

The evidence showed that the testatrix was 63 years of age and was suffering with a stroke of apoplexy and was physically weak and in the hospital a few days prior to the execution of the will. Wm. Huff contended that Emil, who lived with his mother, kept him out of the house when she was in her last sickness, and that the mother believed he was staying away of his own accord. Emil denied this, however, and the jury returned a verdict in accordance with the court's instructions.

Error was prosecuted and the Court of Appeals held:

1. In proceeding in contest of a will a motion to direct a verdict in behalf of the proponent, must be overruled if some evidence has been offered in support of the issues involved.

2. The scintilla rule of evidence should here apply as in the jury trial of a civil action. Clark v. McFarland 99 OS. 100.

3. Presumption that testator is competent when will is duly executed may be rebutted by showing that it was obtained by fraud, imposition practiced on testator, or undue influence.

4. Questions of undue influence are to be submitted to the jury with greater readiness when the testator is shown to have been in a state of physical feebleness or mental weakness when the will was executed. Judgment reversed.

Attorneys—Peter J. Callaghan and L. W. Hunt for Wm. Huff; Charles W. Meck, for Emil Huff; all of Toledo.